IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCTAVIO DE LA TORRE-RAMOS,<br><br>    Petitioner,<br><br>v.<br><br>SAM OLSON, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and WARDEN DOE,<br><br>    Respondents. | Case No. 25 C 13839<br><br>Hon. LaShonda A. Hunt |

## ORDER

Petitioner Octavio De La Torre-Ramos brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained during the pendency of removal proceedings. For the reasons discussed below, the Court grants Petitioner's Petition for Writ of Habeas Corpus [1], [2] as set forth herein. The Government is ordered to provide Petitioner with a bond hearing **on or before November 28, 2025 or release Petitioner from custody under reasonable conditions of supervision**. By **December 5, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge.

## STATEMENT

Petitioner, a citizen of Mexico, was arrested by Respondents on November 11, 2025, in Mokena, Illinois. (Pet. at ¶¶ 15, 41; Dkt. 1). At the time the Petition was filed, Petitioner was being held in the ICE facility in Broadview, Illinois. (*Id.* at ¶¶ 8, 15). Petitioner is a 52-year old construction worker who has been living in the United States for over 32 years. (*Id.* at ¶¶ 40, 43). He has four children who were born in the United States. (*Id.* at ¶ 42). Petitioner has had a pending matter with the Executive Office for Immigration Review that has been on appeal since 2022, and he contends that there was no reason for his detention as he is neither a flight risk nor danger to the community. (*Id.*)

Among other relief, Petitioner seeks an order that he be released unless he is provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen days. (*Id.* at ¶ 7). In response, the Government contends that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which was decided in September 2025, applies to this case and thus Petitioner—a foreign national who entered the United States without inspection—is

not entitled to a bond hearing under Section 1226(a). (Resp. at 42-43; Dkt. 11).[1] In addition, the Government argues that the Court lacks jurisdiction over the issues presented in this case pursuant to jurisdictional bars in 8 U.S.C. § 1252(b)(9) and that those never admitted to the United States do not qualify for bond. (*Id.* at 43). The Government has raised these arguments in other similar cases throughout this District and across the country; they have repeatedly been rejected, and, with this Order, are rejected yet again.

Many courts have considered issues nearly identical, if not identical, to the ones presented in this case. Each has held that the petitioner is entitled to, at a minimum, a bond hearing pursuant to Section 1226(a). *See Ochoa Ochoa v. Noem et al.*, Case No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith et al.*, Case No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Z.T. et al. v. Smith et al.*, Case No. 25 C 12802 at Dkt. 14 (N.D. Ill. Oct. 21, 2025); *Torres Maldonado v. Crowley*, Case No. 25 C 12762 at Dkt. 16 (N.D. Ill. Oct. 24, 2025). The Court has thoroughly reviewed these rulings and adopts their well-reasoned analyses and conclusions. Thus, the Government is ordered to provide Petitioner with a bond hearing **on or before November 28, 2025 or release Petitioner from custody under reasonable conditions of supervision**. By **December 5, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge. The Court will set additional case management deadlines after reviewing the joint status report.

**DATED**: November 21, 2025　　　　　　　　**ENTERED**:

*LaShonda A. Hunt*
———————————————
LASHONDA A. HUNT
United States District Judge

---

[1] Unless otherwise noted, page numbers in citations to the docket reference "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.